IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY HENSAL, | ) |
| Plaintiff, | ) Civil Action No. 3:24-cv-246 |
| v. | ) Magistrate Judge Maureen P. Kelly |
| COMMISSIONER OF SOCIAL SECURITY, | ) Re: ECF Nos. 9 and 15 |
| Defendant. | ) |

**ORDER**

Pending before the Court are Plaintiff's Motion for Summary Judgment and brief in support thereof, ECF Nos. 9 and 10, and Defendant's Motion for Summary Judgment and brief in support thereof, ECF Nos. 15 and 16. Plaintiff has also filed a Reply Brief. ECF No. 17.[1]

Upon consideration of the parties' cross-motions, and after reviewing the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and his claim for supplemental security income ("SSI") under Subchapter XVI of the Act, 42 U.S.C. § 1381 et seq., the Court finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Biestek v. Berryhill, 587 U.S. 97, 102-03 (2019); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs, 48 F.3d 114, 117 (3d Cir. 1995) (citing Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988)). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence,

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 5 and 14.

1

the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).

I.   BACKGROUND

Plaintiff Timothy Hensal ("Plaintiff") protectively filed claims for DIB and SSI effective June 9, 2022, claiming that he became disabled on December 7, 2021. AR at 21, 203-212, 217-223.[2] After being denied initially on September 8, 2002, and upon reconsideration on March 8, 2023, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on October 16, 2023. AR at 21, 73, 88, 129-30, 40-67. In a decision dated December 5, 2023, the ALJ denied Plaintiff's request for benefits. AR at 21-34. On August 29, 2024, the Appeals Council declined to review the decision. AR at 1-4. Plaintiff filed an appeal with this Court, and the parties have filed cross-motions for summary judgment.

On appeal, Plaintiff argues that the ALJ failed to properly evaluate the medical opinion of consultative examiner Christine Fahr, N.P., AR at 537-51, pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. He further contends that the ALJ ignored portions of the opinion of Stacy Trogner, Psy.D. AR at 556-63. As discussed herein, the Court disagrees, finds that the ALJ's consideration of the medical opinions, including those of N.P. Fahr and Dr. Trogner, comported with the requirements of Sections 404.1520c and 416.920c, and finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

II.  STANDARD OF REVIEW

Judicial review of a social security case is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner

---

[2]   The Court will refer to the Administrative Record as "AR."

applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See 42 U.S.C. § 405(g); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence); Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001). If the district court finds this to be so, it must uphold the Commissioner's final decision. See Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process to guide ALJs in determining whether a claimant is under a disability as defined by the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity. If he or she is not engaging in such activity, at Step Two, the ALJ determines whether the claimant is suffering from a severe impairment. If so, the ALJ proceeds to Step Three to determine whether the claimant's impairment meets or equals the criteria for a listed impairment. If a claimant satisfies a listing, a finding of disability is automatically directed. If the claimant does not satisfy a listing, the analysis proceeds to Steps Four and Five.

In considering these steps, the ALJ must formulate the claimant's residual functional capacity ("RFC"), which is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments. See Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). At Step Four, it is the claimant's burden of demonstrating an inability to perform his or her past relevant work. If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to Step Five. At this stage, the burden of production shifts to the

Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability.

## III. DISCUSSION

### A. N.P. Fahr's Opinion

Here, the ALJ found that Plaintiff was not disabled after applying the five-step process because he was capable of performing other work in the national economy. AR at 21-34. Plaintiff argues that this decision was improper because the ALJ did not adequately consider the opinions of two of the medical providers. His first argument is that the ALJ's consideration of N.P. Fahr's opinion did not comply with 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2) because the ALJ did not expressly discuss the supportability of N.P. Fahr's opinion and inadequately addressed its consistency. ECF No. 10 at 10-14.

For cases such as this one, filed on or after March 27, 2017, the amended regulations set forth in Sections 404.1520c and 416.920c apply to an ALJ's consideration of medical opinion evidence. Under the amended version of the regulations, the most important factor to be considered is no longer an opining source's treating relationship with the claimant, but rather, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability," and the ALJ must articulate how these two factors were considered. 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). See also 20 C.F.R. §§ 404.1520c(b), (c) and 416.920c(b), (c). Plaintiff argues that the ALJ's discussion of the consistency of N.P. Fahr's opinion with other record evidence was insufficient and that the ALJ failed to discuss the opinion's supportability at all.

Under the SSA regulations, supportability is a measure of the relevancy of "objective medical evidence and supporting explanations presented by a medical source . . . to support his

4

or her medical opinion(s)." Id. §§ 404.1520c(c)(1), 416.920c(c)(1). "Simply put, supportability is an inquiry geared toward assessing how well a medical source supported and explained their opinion(s)." Acosta Cuevas v. Comm'r of Soc. Sec., No. 20-CV-0502, 2021 WL 363682, at *10 (S.D.N.Y. Jan. 29, 2021), adopting report and recommendation, 2022 WL 717612, at *1 (S.D.N.Y. Mar. 10, 2022). Consistency, on the other hand, measures the agreeableness of medical opinions with "evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The consistency factor therefore focuses on "how well a medical source is supported, or not supported, by the entire record." Acosta Cuevas, 2021 WL 363682, at *10. See also Cook v. Comm'r of Soc. Sec., No. 6:20-CV-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

Although an ALJ must discuss both supportability and consistency when evaluating medical opinion evidence, "[t]o satisfy this requirement, a judge need not reiterate the magic words 'support' and 'consistent' for each doctor." Zaborowski v. Comm'r of Soc. Sec., 115 F.4th 637, 639 (3d Cir. 2024). It is sufficient that the ALJ "weave" this analysis throughout the decision. Id. This is, of course, consistent with the well-established principle that an ALJ's decision must be "read as a whole" and that ALJs are not beholden to any "particular language" or "particular format." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). The Court must therefore consider the ALJ's decision as a whole in determining whether she appropriately considered the supportability and consistency factors. Gina G. v. O'Malley, Civ. No. 23-21007 (GC), 2024 WL 4285426, at *5 (D. N.J. Sept. 25, 2024).

Here, the record shows that the ALJ did just that. Although she did not use the specific term "supportability" in finding N.P. Fahr's opinion to be "partially persuasive," AR at 30, the ALJ did discuss the clinical findings from N.P. Fahr's consultative examination of Plaintiff at

5

some length elsewhere in the decision, id. at 28. She also cited to N.P. Fahr's own clinical findings (which were attached as Exhibit 8F), including findings regarding muscle strength in the extremities and lack of sensory deficits, in evaluating the opinion. Id. at 30. This sufficiently articulated that she considered supportability; the lack of further discussion simply demonstrates that there were no additional significant supportability issues in regard to N.P. Fahr's opinion.

Plaintiff acknowledges that the ALJ did discuss how she considered the consistency of N.P. Fahr's opinion; he asserts though that the discussion was insufficient. Plaintiff's argument is essentially that he disagrees with the ALJ's determination that certain record facts are inconsistent with N.P. Fahr's opinion and asks the Court to do likewise. However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. See Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986); Berry, 738 F. Supp. at 944 (citing Cotter, 642 F.2d at 705). To the extent the Court is being asked to come to its own conclusion as to the consistency of N.P. Fahr's opinion based on the evidence, therefore, it declines to do so.

The Court therefore finds that the ALJ adequately explained her consideration of N.P. Fahr's opinion and that substantial evidence supports her determination.

B.  **Dr. Trogner's Opinion**

Plaintiff next argues that the ALJ's assessment of Dr. Trogner's opinion was not supported by substantial evidence. Specifically, he contends that the ALJ failed to account for the part of Dr. Trogner's opinion indicating that Plaintiff had marked limitation in his ability to understand, remember, and carry out complex instructions and make judgments on complex

work-related decisions. ECF No. 10 at 14. However, although Dr. Trogner did so opine, AR at 561, the ALJ did consider – and in fact adopt – this portion of Dr. Trogner's opinion.

In formulating Plaintiff's RFC, the ALJ found that Plaintiff could perform light work with a number of exceptions. AR at 26. One of these exceptions was that "[Plaintiff] is able to understand, remember, and carry out *simple* instructions [and] use judgment to make *simple* work-related decisions." Id. (emphasis added). Plaintiff seems to imply that by discussing only his ability in regard to simple instructions and decisions, the ALJ left it unclear whether and to what extent Plaintiff could handle complex instructions and decisions. However, Plaintiff's construction is inconsistent with how RFC determinations are typically made and explained.

It is common for an ALJ, in setting forth a claimant's RFC, to simply state the maximum level of reasoning the claimant can perform. In other words, a limitation to simple instructions and decisions conveys an inability to handle instructions and decisions more complex than "simple." This is consistent with the definition of RFC, which provides that the RFC is the *most* that an individual is still able to do despite the limitations caused by his or her impairments. See Fargnoli, 247 F.3d at 40; 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Therefore, a statement that Plaintiff is able to understand, remember, and carry out simple instructions and make simple work-related decisions would mean that this is the most Plaintiff could do; it would not be necessary to expressly discuss complex instructions and decisions that would be beyond such an RFC. As such, the ALJ did not err in declining to discuss that portion of Dr. Trogner's opinion, and, indeed, the ALJ's RFC determinations are entirely consistent with that opinion.

Moreover, the record is clear that the parties understood the ALJ's RFC as limiting Plaintiff to no more than simple instructions and decisions. In the hypothetical proposed by the ALJ to the vocational expert ("VE") at the administrative hearing, the ALJ similarly stated that

the hypothetical individual could "understand, remember, and carry out simple instructions" and "use judgment to make simple work-related decisions." AR at 63. Each of the three jobs that the VE found such an individual capable of performing – retail marker, photocopy machine operator, and small parts assembler – requires a "reasoning level" of 2 according to the Dictionary of Occupational Titles ("DOT").

"The DOT is a vocational dictionary that lists and defines all jobs available in the national economy and specifies what qualifications are needed to perform each job." McHerrin v. Astrue, Civ. No. 09-2035, 2010 WL 3516433, at *3 (E.D. Pa. Aug. 31, 2010) (citing S.S.R. 00-4p, 2000 WL 1898704 (Dec. 4, 2000)). Among other qualifications, jobs are assigned a General Educational Development level, which includes a reasoning level from 1 to 6. Jobs with a reasoning level of 2 require that an employee "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and] [d]eal with problems involving a few concrete variables in or from standardized situations." DOT, App. C, § III.

As noted, all three of the occupations suggested by the VE require a reasoning level of 2. See DOT 209.587-034, DOT 207.685-014, DOT 706.684-022. In general, a limitation to simple instructions and decisions is not inconsistent with level 2 reasoning. See Delestienne v. Saul, Civ. No. 20-1349, 2021 WL 5744684, at *1 (W.D. Pa. Dec. 2, 2021) (citing Buckwalter v. Acting Comm'r of Soc. Sec., 5 F.4th 1315, 1323 (11th Cir. 2021)); Cowher v. O'Malley, No. 3:21-CV-178, 2024 WL 3161865, at *7 (W.D. Pa. June 24, 2024). Accordingly, the VE appears to have limited the relevant occupations to those consistent with a restriction to simple instructions and decisions. This confirms the shared understanding that the RFC, as crafted by the ALJ, did not permit jobs involving complex instructions or decisions.

The Court therefore finds that the ALJ adequately accounted for Dr. Trogner's opinion that Plaintiff had marked limitation in his ability to understand, remember, and carry out complex instructions and make judgments on complex work-related decisions. The RFC, in fact, is consistent with this opinion.

## IV.   CONCLUSION

Accordingly, for all of the foregoing reasons, the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports her decision. It will therefore affirm.

AND NOW, this 19th day of December 2025, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment, ECF No. 9, is DENIED and that Defendant's Motion for Summary Judgment, ECF No. 15, is GRANTED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order, he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court.

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via CM/ECF